# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Essar Steel Minnesota LLC et al., | : : : | Chapter 11 |
| | : | BK Case No. 16-11626 (BLS) |
| Debtors. | : : : | |
| MESABI METALLICS COMPANY, LLC, formerly known as Essar Steel Minnesota LLC and CHIPPEWA CAPITAL PARTNERS, LLC, | : : : : : : | |
| Appellants, | : : | |
| v. | : : | C. A. No. 19-397-LPS |
| B. RILEY FBR, INC. F/k/a B. RILEY & CO., LLC, | : : : | Ad. Pro. No. 18-50833 (BLS) BAP No. 19-12 |
| Appellee. | : : | |

## **RECOMMENDATION**

At Wilmington this **29th** day of **March, 2019**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Prior to the hearing in Bankruptcy Court on appellee's motion to dismiss the adversary proceeding, the parties engaged in a private, in-person mediation with the Honorable James M. Peck, a former Bankruptcy Judge for the U.S. Bankruptcy Court for the Southern District of New York. Despite the good faith efforts of all participants, the parties were unable to resolve their dispute.

Thereafter, Judge Brendan L. Shannon issued a bench ruling on February 12, 2019, followed by an Order entered February 14, 2019, dismissing the Adversary Proceeding on the basis that the Bankruptcy Court lacked subject matter jurisdiction over the parties' dispute. It is this decision that is the subject of the present appeal.

As a result, it does not appear that further mediation would be productive. Further the issued raised on appeal is a question of law, subject to *de novo* review.

The parties propose the following briefing schedule on this appeal:

1. Appellants' deadline to file a motion to stay pending appeal: March 22, 2019. This motion (D.I. 12) was filed consistent with the parties' proposed scheduling order.

2. Appellants' deadline to file a Request for Certification of the Order for Direct Appeal to the Third Circuit: March 22, 2019. This motion (D.I. 10) was filed consistent with the parties' proposed scheduling order.

3. Appellants' deadline to opposed motion to stay pending appeal: April 3, 2019.

4. Appellees' deadline to oppose request for certification: April 3, 2019.

5. Appellants' deadline to file a reply in support of motion to stay pending appeal: April 8, 2019.

6. Appellants' deadline to file a reply in support of request for certification: April 8, 2019.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. No objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1, are anticipated.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge